UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PHILLIP LYONS,<br><br>          Plaintiff,<br><br>v.<br><br>PATRICIA LEONHARDT, et al.,<br><br>          Defendants. | 3:05-CV-400 JCM (VPC)<br><br>Date:     N/A<br>Time:    N/A |

**ORDER**

Presently before the court is defendants' objection (#68) to Magistrate Judge Cooke's report and recommendation (#66) granting in part and denying in part defendants' motion for summary judgment (#55), plaintiff's objection (#67) to the report and recommendation, and defendants' response (#69) to plaintiff's objections. Plaintiff brought his complaint pursuant to 42 U.S.C. § 1983, alleging five counts arising out of two incidents that occurred while plaintiff was in custody of the Nevada Department of Corrections.

Magistrate Judge Cooke determined, for count I, that defendant Leonhardt did not act with deliberate indifference in denying plaintiff his prednisone medication and not allowing plaintiff to immediately see a doctor concerning his prescription, because she was unaware of facts suggesting that plaintiff was in serious danger if not provided the medication.

For count II, Judge Cooke determined that defendant Scott did not act with deliberate indifference, because defendant Scott was unaware of facts suggesting that plaintiff was in any serious danger if not provided prednisone.

**James C. Mahan**
**U.S. District Judge**

1    For count III, Judge Cooke found that defendant Ferro did not act with deliberate indifference because the unrefuted evidence indicates that defendant Ferro consulted a prison medical official before denying plaintiff's grievance and because there is no evidence that defendant Ferro was aware of facts suggesting that plaintiff was in any serious danger if plaintiff's grievance was denied.

For count IV, Judge Cooke found that plaintiff's claim against defendants D'Amico, Crawford, Cox, and Vare for violation of his Eighth Amendment rights through creation of a policy which allows non-medical personnel to reject an emergency medical grievance after consulting with medical personnel cannot be resolved by summary judgment because defendants presented no evidence to dispute plaintiff's claim.

.   As to count IV, Judge Cooke found that defendants Lunkwitz, Barth, Ward, and John Does 1-4 did not use excessive force against plaintiff on March 9, 2005, because the evidence indicates that plaintiff suffered only a *de minimus* injury, and the defendants' use of force did not offend the "conscience of mankind."

Judge Cooke further determined that plaintiff's mental or emotional injury claim cannot survive summary judgment because plaintiff suffered only a *de minimus* physical injury. Judge Cooke similarly found that plaintiff's retaliation claim cannot survive summary judgment because the evidence establishes that the defendant legitimately acted to preserve the safety of plaintiff, plaintiff's cell-mate, and prison officials when he removed plaintiff from his cell.

Under Local Rule IB 1-4 and 28 U.S.C. § 636(b)(1)(B), a magistrate judge shall file findings and recommendations for disposition by the district judge. The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made [and] may accept, reject, or modify, in whole or in part, the findings or recommendations. . . ." 28 U.S.C. § 636(b)(1). Under Local Rule IB 3-2, the district judge may also receive further evidence or remand the same to the magistrate with instructions.

Having reviewed the case file, the magistrate's report and recommendation (#66), defendants' objection (#68), plaintiff's objection (#67), and defendant's response (#69), the court finds that plaintiff has not met his burden for an Eighth Amendment claim, because he failed to demonstrate

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  a "serious medical need" and he failed to show that prison officials were "deliberately indifferent"
2  to the his safety. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000); *McGuckin v. Smith*, 974 F.2d
3  1050, 1059 (9th Cir. 1992).

4      The court also finds that Judge Cooke properly denied defendants' summary judgment on
5  count IV, and that defendants have failed to present sufficient additional evidence to now grant
6  summary judgment on that claim. As the magistrate states in the report and recommendation, section
7  1983 allows suits based on governmental customs, even if those customs are not explicit. *Monell v.*
8  *Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). An issue of material fact exists here as to whether
9  a non-explicit policy exists irrespective of whether an explicit policies exist, and whether such a non-
10 explicit policy amounts to deliberate indifference.

11     In their motion for summary judgment (#55), defendants argue that the plaintiff's claim
12 against D'Amico, Crawford, Cox, and Vare must be dismissed pursuant to the eleventh amendment
13 and because plaintiff sued those defendants in their official capacity. The plaintiff's complaint (#6)
14 names those defendants in both their individual and official capacities. As the defendants state in
15 their objection (#68), the magistrate failed to address these arguments.

16     Officers sued in their official capacities are not "persons" under § 1983 and cannot be sued
17 under the statute. *See Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71 (1989). However,
18 under *Hafer v. Melo*, 502 U.S. 21, 26 (1991), state officers sued in their personal capacities are
19 "persons" under § 1983 in actions for acts they took in their official capacity.

20     The court therefore dismisses the plaintiff's claims against defendants D'Amico, Crawford,
21 Cox, and Vare to the extent that they are named in their official capacities. However, because the
22 plaintiff also named D'Amico, Crawford, Cox, and Vare in their personal capacities, the claims
23 against those defendants in their personal capacities stand and are not barred by the eleventh
24 amendment or official capacity liability.

25     Having reviewed defendants' objections (#68) to Judge Cooke's report and recommendation
26 (#66) granting in part and denying in part defendants' motion for summary judgment (#55),
27 plaintiff's objections (#67) to report and recommendation, and defendants' response (#69) to
28

James C. Mahan
U.S. District Judge

plaintiff's objections,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Cooke's report and recommendation (#66) be, and the same hereby is, ACCEPTED and AFFIRMED in its entirety.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the plaintiff's claims against defendants D'Amico, Crawford, Cox, and Vare in their official capacities be, and the same hereby are, DISMISSED.

DATED this 27th day of September, 2007.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -