UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PHILLIP LYONS,<br><br>        Plaintiff,<br><br>v.<br><br>PATRICIA LEONHARDT, et al.,<br><br>        Defendants. | 3:05-CV-400 JCM (VPC) |

**ORDER**

Presently before the court is prisoner plaintiff Phillip J. Lyons' motion in limine # 1 requesting an order permitting plaintiff to appear at trial in civilian clothes and unshackled. (Doc. # 183). Defendants Paul Lunkwitz, Santerren Ward, and Jay Barth responded. (Doc. # 200).

Also before the court is defendants' motion in limine # 1 to exclude defendants' use of force on plaintiff and any alleged injuries to plaintiff arising therefrom. (Doc. # 184). Plaintiff responded. (Doc. # 202).

Also before the court is defendants' motion in limine # 2 to exclude allegations of negligence or failure to adhere to prison regulations. (Doc. # 185). Plaintiff responded. (Doc. # 203).

Also before the court is defendants' motion in limine # 3 to exclude the existence of any physical injuries sustained by plaintiff and the recovery of money damages for the same. (Doc. # 186). Plaintiff responded. (Doc. # 204).

**James C. Mahan**
**U.S. District Judge**

Also before the court is defendants' motion in limine # 4 to exclude evidence of alleged "conspiracy" by defendants to violate the rights of plaintiff. (Doc. # 187). Plaintiff responded. (Doc. # 205).

Also before the court is defendants' motion in limine # 5 to exclude evidence of defendant Ward and Barth's culpable conduct or liability for any cause of action in this case. (Doc. # 188). Plaintiff responded. (Doc. # 206).

Also before the court is defendants' motion in limine # 6 to exclude attempts to impermissibly shift the burden of proof in this matter by suggesting defendant failed to present evidence or witnesses. (Doc. # 189). Plaintiff responded. (Doc. # 207).

Also before the court is defendants' motion in limine # 7 to exclude evidence of non-parties as parties in this suit and non-issues as issues to be tried. (Doc. # 190). Plaintiff responded. (Doc. # 208).

Also before the court is defendants' motion in limine # 8 to exclude evidence of prior bad acts or character of defendants to prove conformity therewith. (Doc. # 191). Plaintiff responded. (Doc. # 209).

Also before the court is defendants' motion in limine # 9 to exclude other lawsuits and claims filed against defendants or NDOC officials for purposes of suggesting or establishing prior bad acts. (Doc. # 192). Plaintiff responded. (Doc. # 210).

Also before the court is defendants' motion in limine # 10 to exclude evidence of the operability of the "food slot" in the door of plaintiff's prison cell and defendants' method of extracting him from the cell. (Doc. # 193). Plaintiff responded. (Doc. # 211).

Also before the court is defendants' motion for leave to examine out-of-state witness Ollie Powe at trial by contemporaneous video transmission. (Doc. # 198). Plaintiff responded. (Doc. # 213).

Also before the court is defendants' motion for order to produce inmate witnesses at trial and at remote, video transmission sites. (Doc. # 199). Plaintiff filed a non-opposition. (Doc. # 214).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Last before the court is plaintiff's motion for leave to examine in-custody witness Marcel McKnight at trial by contemporaneous video transmission. (Doc. # 241) . Defendants did not respond.

**I.    Brief overview**

This case is an inmate 42 U.S.C. § 1983 civil-rights case in which prisoner plaintiff challenges the conditions of his confinement as violative of the U.S. Constitution. Plaintiff alleges that on March 9, 2005, he was housed with another inmate, Marcel McKnight, at High Desert State Prison ("HDSP") in violation of prison rules. Plaintiff was transferred to HDSP from Lovelock Correction Center ("LCC") on the evening on March 9, 2005, to attend a small claims trial at Las Vegas Justice Court the next morning.

Upon being placed in a cell with inmate McKnight, plaintiff complained to prison officials that he and McKnight should not have been housed together without first having been classified to be cellmates at HDSP. When communicating this complaint, plaintiff used an "emergency grievance," not an ordinary grievance.

The emergency grievance was denied. Plaintiff then requested a written response of the denial of his emergency grievance. Plaintiff alleges that defendants retaliated against him in violation of the First Amendment for seeking this response. Defendants deny these allegations.

Previously, the court granted summary judgment in favor of defendants on this issue. (Docs. # 70 & 139). However, the Ninth Circuit reversed this court as to plaintiff's First Amendment retaliation claim. (Doc. # 144).[1] Plaintiff's retaliation claim is the only issue proceeding to trial.

**II.   Motions in limine**

**A.    Legal standard**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1980). Judges have broad discretion when ruling on

---

[1] The Ninth Circuit also reversed summary judgment on plaintiff's claim for deliberate indifference arising from another factual incident. (Doc. # 144). The parties subsequently settled the deliberate indifference claim. (Doc. # 197).

James C. Mahan
U.S. District Judge

- 3 -

1  motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also*
2  *Trevino v. Gates,* 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in
3  performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of
4  discretion").

5  "[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind
6  during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n.3 (2000); *accord Luce,* 469
7  U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence
8  unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that
9  all evidence contemplated by the motion will be admitted at trial. Denial merely means that without
10 the context of trial, the court is unable to determine whether the evidence in question should be
11 excluded." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004).

12 **B.     Discussion**

13 The court will address only those facts which are pertinent to resolution of the instant
14 motions in limine.

15 **1)     Plaintiff's motion in limine # 1 requesting an order permitting plaintiff**
16 **to appear at trial in civilian clothes and unshackled (doc. # 183)**

17 Plaintiff requests that the court permit him to appear in civilian clothes and unshackled
18 during the proceedings. (Doc. # 183). Plaintiff contends that appearing before the jury in prison garb
19 and in restraints will unduly prejudice the jury against him. Plaintiff relies on a case, *Deck v.*
20 *Missouri*, 544 U.S. 622 (2005), that discusses the use of visible shackles during the guilt phase of
21 a criminal trial. *Id.* at 626. Plaintiff contends that the burden is on the Nevada Department of
22 Corrections ("NDOC") to provide concrete evidence that there are concerns regarding "essential state
23 interests such as physical security, escape prevention or courtroom decorum" to justify the use of
24 restraints at trial. *Id.* at 631.

25 But plaintiff concedes that this matter does not concern a presumption of innocence regarding
26 crimes committed–as he is prosecuting this case. Regardless of this concession, plaintiff argues that
27 being required to wear prisoner clothing and appear in restraints will unnecessarily prejudice him

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

in pursuing this civil rights claim.

### a. Civilian clothes

Defendants counter that the mere fact that a prisoner plaintiff wears prison clothing during trial in full view of the jury does undermine the fairness of the proceeding because the jury already knows that the inmate is a convicted prisoner. *See Duckett v. Godinez*, 67 F.3d 734, 747 (9th Cir. 1995).

Here, while the jury may not be prejudiced against plaintiff if he is wearing prison clothing because the factual circumstances underlying plaintiff's allegation readily demonstrate that plaintiff has already been deprived his liberty, *see Duckett*, 67 F.3d at 747 (holding that "[p]rison clothing cannot be considered inherently prejudicial when the jury already knows, based on other facts, that the defendant has been deprived his liberty.") (citation omitted), the court finds sufficient reason to GRANT this request.

The court permits plaintiff to appear in civilian clothing during his jury trial due to the likelihood of prejudice that would result should plaintiff be required to appear in his prison clothing. *See Estelle v. Williams*, 425 U.S. 501, 504–507 (1976). Plaintiff is required to supply his own clothes and the court will not entertain any deviation from trial schedule to accommodate this request.

### b. Restraints

The right to appear before a jury free of shackles is not absolute. *Wilson v. McCarthy*, 770 F.2d 1482, 1484–85 (9th Cir. 1985). Shackling is inherently prejudicial, but it is not per se unconstitutional. *See Spain v. Rushen*, 883 F.2d 712, 716 (9th Cir. 1989). Under certain circumstances, "shackling . . . may be appropriate because of the public's competing interest in courtroom security and the just administration of law." *Id.* at 722 (citing *Illinois v. Allen*, 397 U.S. 337, 344, (1970)). Because of the potential for prejudice, however, due process requires that shackles be used only as a "last resort." *Illinois v. Allen*, 397 U.S. at 344.

In the Ninth Circuit, "it is a denial of due process if a trial court orders a defendant shackled without first engaging in a two-step process." *Duckett*, 67 F.3d at 748 (citing *Castillo v. Stainer*, 983 F.2d 145, 147–48 (9th Cir.1992), as amended by, 997 F.2d 669 (9th Cir.1993)). "First, the court

must be persuaded by compelling circumstances 'that some measure [is] needed to maintain security of the courtroom.'" *Id.* (quoting *Jones v. Meyer*, 899 F.2d 883, 885 (9th Cir. 1990), cert. denied, 498 U.S. 832 (1990).

Compelling circumstances may include prisoner status, propensity for violence, and history of unruly conduct. *See Wilson v. McCarthy*, 770 F.2d 1482, 1485 (9th Cir. 1985). Prisoner status, standing alone, may not warrant shackling, but it may justify the court's concern for security. *Id.* " Shackling an inmate is proper where a serious threat of escape or danger to those in and around the courtroom exists. *Id.* "The judge has wide discretion to decide whether a defendant who has a propensity for violence poses a security risk and warrants increased security measures."*Morgan v. Bunnell*, 24 F.3d 49, 51 (9th Cir. 1994). Second, if the court finds compelling circumstances exist, then it must pursue less restrictive alternatives by balancing prejudicial effects before imposing physical restraints. *Morgan*, 24 F.3d at 51; *Wilson*, 770 F.2d at 1484.

Defendants request that plaintiff be required to wear shackles at the ankles to the floor, such that the shackles are not in the sight of the potential jury during voire dire or in sight of the jury once it is selected, by means developed by the court. (Doc. # 200, 5:3-5). Defendants argue that "compelling circumstances" exist because according to plaintiff's commitment orders, plaintiff's criminal background demonstrates his dangerous propensities, including use-of-deadly-weapon enhancement. *See Brown v. Kavanaugh*, 1:08-CV-01764-LJO, 2013 WL 1124301 (E.D. Cal. 2013) (finding that an inmate's previous convictions for murder and assault demonstrated that the inmate posed a risk of danger to persons in the courtroom and justified the use of restrains).

Defendants have made a sufficient showing that "compelling circumstances" exist because plaintiff's criminal history includes violent conduct. While plaintiff's prisoner status alone is not adequate to warrant restraints, the court finds that plaintiff's incarcerated status in light of his criminal history requires increased security measures. Further, the court finds that the method of physical restraints described in *Brown*, 2013 WL 11242301, at *3, to be a less restrictive alternative of restraining plaintiff during trial. That is, plaintiff's ankles shall be shackled to the floor out of the sight of potential jurors and the jury, once selected, by using a skirted table cloth at counsel table.

**James C. Mahan**
**U.S. District Judge**

- 6 -

*Id.*

Because a sufficient showing has been made that compelling circumstances exist and since less restrictive means are available, plaintiff's request to be free from restraints is DENIED.

### 2) Defendants' motion in limine # 1 to exclude defendants' use of force on plaintiff and any alleged injuries to plaintiff arising therefrom (doc. # 184)

Previously, on summary judgment, this court dismissed plaintiff's Eighth Amendment excessive force claim related to same factual conduct underlying the claim at issue for trial. (Doc. # 70). The Ninth Circuit affirmed this court. (Doc. # 144). Based on the dismissal of plaintiff's Eighth Amendment claim, defendants request that the court bar evidence or argument that states or would suggest that (1) defendants used improper or excessive force on plaintiff and (2) plaintiff suffered any physical injury, mental or emotional injury, pain, suffering, or apprehension from defendants' use of force. (Doc. # 184). Defendants seek to exclude this evidence on the basis that it is irrelevant and unfairly prejudicial. FED. R. EVID. 401-403.

Plaintiff responds that defendants are seeking to extend the dismissal of the Eighth Amendment claim to shield their "actions" against plaintiff with respect to plaintiff's First Amendment clam. Plaintiff points to the conduct the Ninth Circuit listed as relevant to the retaliation claim, including: (1) plaintiff's removal from his cell; (2) defendants yelling curses at plaintiff for several minutes; and (3) Lunkwitz telling plaintiff explicitly not to submit any more grievances. (Doc. # 202, 2:18-23; *see also* doc. # 144, p. 4-5).

The court finds that the subject matter of defendants' use of force against plaintiff is not relevant to his retaliation claim. There is no excessive force component of the retaliation claim.[2] Further, the court finds that re-litigating the excessive force issue at trial would unfairly prejudice

---

[2] A plaintiff suing prison officials pursuant to § 1983 for retaliation must prove sufficient facts that show that: (1) the retaliated-against First Amendment conduct is protected; (2) the defendant took adverse action against plaintiff; (3) there is a causal connection between the adverse action and the protected conduct; (4) the act would chill or silence a person of ordinary firmness from engaging in future First Amendment activities; and (5) the conduct does not further a legitimate penological interest. *Davis v. Powell*, 901 F. Supp. 2d 1196, 1213 (S.D. Cal. 2012) (quoting *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012)).

James C. Mahan
U.S. District Judge

- 7 -

1  defendants who have already prevailed on this claim and would confuse the jury by conflating
2  plaintiff's First Amendment retaliation claim with his Eighth Amendment excessive force claim.
3  Thus, evidence or argument as to defendants' use of force is properly excluded from trial.

4  However, the court will permit testimony and evidence regarding (1) plaintiff's removal from
5  his cell; (2) defendants yelling curses at plaintiff for several minutes; and (3) Lunkwitz telling
6  plaintiff explicitly not to submit any more grievances. To the extent the underlying conduct of these
7  acts was also at issue in plaintiff's Eighth Amendment claim–the court finds that the dismissal of
8  the Eighth Amendment claim does not automatically bar admission of testimony and evidence
9  regarding this conduct here. However, if plaintiff chooses to testify and provides testimony as to the
10  rough nature of defendants' conduct–defendants may, at an appropriate time, properly point out that
11  the court has already determined that their conduct was not excessive as a matter of law.

12  Accordingly, this motion is GRANTED in part.

13  **3)      Defendants' motion in limine # 2 to exclude allegations of negligence or**
14  **failure to adhere to prison regulations (doc. # 185)**

15  Defendants request that the court exclude examination, testimony, evidence, and argument
16  of allegations of negligence or failure to adhere to prison regulations, specifically to prison rules
17  relating to the handling of plaintiff's emergency grievance or those relating to the events forming the
18  subject matter of this trial, because this information is irrelevant. (Doc. # 185). This request arises
19  out of defendants' anticipation that plaintiff will provide evidence or testify that his emergency
20  grievance was not properly returned to him with the signature of the supervising officer, allegedly
21  in violation or prison rules.

22  Plaintiff contends that defendants' failure to properly return the emergency grievance is a
23  retaliatory act if it operated to deny him the right to pursue his administrative remedies.

24  The court finds all testimony related to how the emergency grievance was handled by prison
25  officials as relevant to the narrow issue that is now before the court at trial. Any concern of confusion
26  to the jury will be extinguished by way of properly instructing the jury as to the elements of
27  retaliation under 42 U.S.C. § 1983. This motion is DENIED.

28

James C. Mahan
U.S. District Judge

- 8 -

1  defendants who have already prevailed on this claim and would confuse the jury by conflating
2  plaintiff's First Amendment retaliation claim with his Eighth Amendment excessive force claim.
3  Thus, evidence or argument as to defendants' use of force is properly excluded from trial.
4  However, the court will permit testimony and evidence regarding (1) plaintiff's removal from
5  his cell; (2) defendants yelling curses at plaintiff for several minutes; and (3) Lunkwitz telling
6  plaintiff explicitly not to submit any more grievances. To the extent the underlying conduct of these
7  acts was also at issue in plaintiff's Eighth Amendment claim–the court finds that the dismissal of
8  the Eighth Amendment claim does not automatically bar admission of testimony and evidence
9  regarding this conduct here. However, if plaintiff chooses to testify and provides testimony as to the
10  rough nature of defendants' conduct–defendants may, at an appropriate time, properly point out that
11  the court has already determined that their conduct was not excessive as a matter of law.
12  Accordingly, this motion is GRANTED in part.

13  **3)      Defendants' motion in limine # 2 to exclude allegations of negligence or**
14  **failure to adhere to prison regulations (doc. # 185)**

15  Defendants request that the court exclude examination, testimony, evidence, and argument
16  of allegations of negligence or failure to adhere to prison regulations, specifically to prison rules
17  relating to the handling of plaintiff's emergency grievance or those relating to the events forming the
18  subject matter of this trial, because this information is irrelevant. (Doc. # 185). This request arises
19  out of defendants' anticipation that plaintiff will provide evidence or testify that his emergency
20  grievance was not properly returned to him with the signature of the supervising officer, allegedly
21  in violation or prison rules.
22  Plaintiff contends that defendants' failure to properly return the emergency grievance is a
23  retaliatory act if it operated to deny him the right to pursue his administrative remedies.
24  The court finds all testimony related to how the emergency grievance was handled by prison
25  officials as relevant to the narrow issue that is now before the court at trial. Any concern of confusion
26  to the jury will be extinguished by way of properly instructing the jury as to the elements of
27  retaliation under 42 U.S.C. § 1983. This motion is DENIED.
28

**4)  Defendants' motion in limine # 3 to exclude the existence of any physical injuries sustained by plaintiff and the recovery of money damages for the same (doc. # 186)**

Defendants seek to exclude examination, evidence, and argument that state or suggest that: (1) plaintiff suffered physical, mental or emotional injuries and (2) plaintiff may seek or recover money damages for the same because it is not relevant and prejudicial. (Doc. # 186). Defendants argue that plaintiff can pursue only nominal and punitive damages, not actual damages. Defendants argue that plaintiff cannot be awarded actual damages for physical or mental/emotional injuries because (1) this court has already determined that plaintiff suffered only *de minimis* physical injuries in connection with the physical force defendants used on him, (2) plaintiff's Eighth Amendment excessive force claim was dismissed; (3) use of force is not an issue in a retaliation claim; and (4) the failure to show a physical injury that amounts to more than a *de minimis* injury bars plaintiff from recovering money damages for mental or emotional pain for his retaliation claim under the Prison Litigation Reform Act ("PLRA").

Plaintiff concedes that he will not be able to prove that he suffered any actual, physical injuries and therefore cannot recover compensatory damages. On this basis the court GRANTS defendants' motion.[3]

**5)  Defendants' motion in limine # 4 to exclude evidence of alleged "conspiracy" by defendants to violate the rights of plaintiff (doc. # 187)**

Defendants argue that plaintiff should not be permitted to argue that defendants conspired together because civil conspiracy was not alleged in the complaint and therefore is not relevant to plaintiff's retaliation claim. (Doc. # 187). Defendants also argue that to the extent that evidence and testimony regarding a conspiracy amongst defendants is relevant, it is unduly prejudicial because it

---

[3] However, because plaintiff may seek punitive damages, evidence and testimony regarding actions taken against plaintiff are necessarily relevant to whether there exists evidence to support a punitive damages award. *See Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir. 1993) (stating that "[i]t is well established that a 'jury may award punitive damages under section 1983 either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others.'" *Id.* at 1255) (quoting *Davis v. Mason County*, 927 F.2d 1473, 1485 (9th Cir. 1991)).

James C. Mahan
U.S. District Judge

- 9 -

1  will confuse the jury. Specifically, defendants argue that testimony or argument concerning
2  defendants "conspiring" against plaintiff, "sweeping [his concerns] under the rug" or other similarly
3  conspiratorial language seeks only to arouse the prejudices of the jury by attempting to frame
4  defendants' overseers who were "out to get" plaintiff.

Plaintiff responds that he specifically alleged that in furtherance of defendants' retaliatory acts, defendants acted "collectively and/or individually" (*see* doc. # 53, p. 27), and therefore should be permitted to introduce such evidence and make related arguments.

Because a conspiratorial agreement between defendants need not be overt and can be properly "inferred" from circumstantial evidence surrounding their actions, *see Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999), the court finds that plaintiff's allegation of collective conduct sufficient to warrant admission of evidence and testimony as to whether there was an agreement to violate plaintiff's constitutional rights. Plaintiff is free to argue this issue–whether the evidence supports this argument is an issue for the jury to resolve. The court DENIES this motion.

**6) Defendants' motion in limine # 5 to exclude evidence of defendant Ward and Barth's culpable conduct or liability for any cause of action in this case (doc. # 188)**

Defendants seek an order excluding evidence and argument at trial that states or suggests that defendants Barth and Ward engaged in culpable conduct or are otherwise exposed to liability for any cause of action in this case. (Doc. # 188). Defendants argue that plaintiff cannot prevail on a retaliation claim against Barth and Ward because (1) plaintiff has not alleged that anyone other than Lunkwitz told plaintiff not to file any more grievances; (2) plaintiff has alleged that Barth and Ward's culpable conduct consisted of only verbal abuse and verbal abuse of an inmate does not state a constitutional claim under § 1983; (3) a retaliation claim requires verbal abuse and an instruction not to file grievances constituting an "intimidating admonition" not to file grievance; and (4) only Lunkwitz is alleged to have to engaged in both verbally abusing plaintiff and instructing him not to file grievances. Therefore, defendants' position is that only Lunkwitz should proceed to trial on

James C. Mahan
U.S. District Judge

- 10 -

1  plaintiff's retaliation claim.

2  Defendants argue that the Ninth Circuit erred when it remanded the case as to *all defendants*

3  (Lunkwitz, Ward and Barth). Defendants contend that when the Ninth Circuit stated that it was

4  Lunkwitz's "intimidating admonition" that raised a triable First Amendment claim–not the verbal

5  abuse of Barth and Ward–the appellate court indicated that only Lunkwitz may be liable.

6  While defendants make a compelling argument, the court is not inclined to find that the Ninth

7  Circuit erred in its remand order. The Ninth Circuit unequivocally stated that,

8  > The evidence submitted on summary judgment therefore establishes a genuine issue
  > of material fact as to *whether the actions taken against Lyons by Lunkwitz, Ward,*
9  > *and Barth constituted unconstitutional retaliation* for his having requested a written
  > response to the denial of his emergency grievance.

10

11  (Doc. # 144, p. 5 (citation omitted) (emphasis added)). Therefore, the court will conduct a jury trial

12  as to whether the actions of all defendants amounted to liability for retaliation. This motion is

13  DENIED.

14  **7)    Defendants' motion in limine # 6 to exclude attempts to impermissibly**
15  **shift the burden of proof in this matter by suggesting defendant failed to**
16  **present evidence or witnesses (doc. # 189)**

17  Defendants seek an order excluding examination, testimony, evidence, and argument that

18  attempts to impermissibly shift the burden of proof in this matter to defendants by suggesting that

19  defendants failed to present evidence or witnesses. (Doc. # 189). Defendants argue that they do not

20  have the burden to disprove any element of plaintiff's retaliation claim. Defendants concern arises

21  from their anticipation that plaintiff will argue that defendants' failure to put on evidence will

22  demonstrate that defendants did not have a legitimate penological interest.

23  Plaintiff bears the burden of establishing that defendants' lacked a penological interest. *See*

24  *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (stating that "a successful retaliation claim

25  requires a finding that the prison authorities' retaliatory action did not advance legitimate goals of

26  the correctional institution or was not tailored narrowly enough to achieve such goals . . . . plaintiff

27  bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct

28

**James C. Mahan**
**U.S. District Judge**

- 11 -

of which he complains." *Id*. (quotations and citations omitted)). Therefore, the court GRANTS this motion.

### 8) Defendants' motion in limine # 7 to exclude evidence of non-parties as parties in this suit and non-issues as issues to be tried (doc. # 190)

Defendants seek an order barring counsel, the parties, and the witnesses from stating or suggesting that non-parties to this case and non-issues are issues to be tried. (Doc. # 190). At the outset of this litigation, there were other parties and issues that have now since been resolved.

There remains one discrete issue upon which the parties are to go to trial. There remain three defendants of the initially 12 named defendants. All that is relevant for the purposes of this trial are facts that underlie plaintiff's retaliation claim against defendants Barth, Ward, and Lunkwitz. Testimony regarding claims that have been resolved or parties that have been dismissed is irrelevant. The court GRANTS this motion.[4]

### 9) Defendants' motion in limine # 8 to exclude evidence of prior bad acts or character of defendants to prove conformity therewith (doc. # 191)

Defendants request that the court bar testimony, argument, questions or other references to alleged prior bad acts, including acts of retaliation against other inmates, on the part of defendants or other correctional officers with whom defendants associate under Fed. R. Evid. 404(b). (Doc. # 191). Defendant argues that inmate testimony concerning the acts of defendants toward other inmates creates a significant danger that the jury would base its assessment of liability on events involving those inmates, instead of events concerning plaintiff.

Further, defendants contend that none of the purposes for which character evidence is admissible apply here because plaintiff's retaliation claims arises from an incident that occurred shortly after he was transferred to HDSP. Since defendants did not have much time with plaintiff

---

[4] To the extent that defendants seek to exclude evidence or argument suggesting "race or racism," the court finds this issue premature to rule on. Without knowing what evidence will be elicited at trial, the court cannot determine whether evidence or argument suggesting "race or racism" is relevant. However, the court will grant defendants' request to exclude evidence and argument regarding "the unfortunate plight of other inmates as caused by the abuse and inappropriate or unfair treatment of prison officials." The circumstances of persons not before this court are not relevant to plaintiff's retaliation claim.

James C. Mahan
U.S. District Judge

before this incident, defendants argue that they did not have time to develop a motive or illustrate intent, preparation or plan to retaliate against plaintiff.

Plaintiff submits a partial opposition conceding that evidence of prior bad acts is not admissible to establish defendants' liability for plaintiff's retaliation claim. But plaintiff argues that this conduct is relevant for purposes of liability for punitive damages.

The court GRANTS this motion. Surely, character evidence is inadmissible to show that defendants acted in accordance therewith on this particular occasion. *See* Fed. R. Evid. 404(b). It would be improper for the jury to base its assessment of liability on events involving other inmates. To the extent evidence of prior bad acts satisfy an exception under Fed. R. Evid. 404(b), the court will permit this testimony during the punitive damages phase of trial.

**10) Defendants' motion in limine # 9 to exclude other lawsuits and claims filed against defendants or NDOC officials for purposes of suggesting or establishing prior bad acts (doc. # 192)**

Defendants seek an order barring counsel, the parties, and the witnesses from presenting examination, evidence, or argument at trial concerning other lawsuits or claims filed against defendants or NDOC officials because it is not relevant, unduly prejudicial, and is inadmissible character evidence. (Doc. # 192; *see also* FED. R. EVID. 401-404).

Plaintiff concedes that evidence of prior bad acts is not admissible to establish defendants' liability for plaintiff's retaliation claim. But plaintiff argues that a history of similar matters in litigation or previous grievances filed against defendants is admissible to establish an evil motive for punitive damages.

The court disagrees with plaintiff. Other litigation or previous grievances filed by plaintiff or other inmates against NDOC officials are irrelevant. These matters are tangentially related at best and are unduly prejudicial as liability in a previous lawsuit might color the jury's opinion of defendants' conduct in the instant matter. Accordingly, this motion is GRANTED.

. . .

. . .

James C. Mahan
U.S. District Judge

- 13 -

     **11)**     **Defendants' motion in limine # 10 to exclude evidence of the operability of the "food slot" in the door of plaintiff's prison cell and defendants' method of extracting him from the cell (doc. # 193)**

Defendants request the court to bar plaintiff and plaintiff's counsel from offering testimony, argument, questions or other references to either the operability of the "food slot" in plaintiff's cell and/or defendants' method of handcuffing and removing plaintiff from his cell because it is irrelevant. (Doc. # 193). Defendants anticipate that plaintiff will assert that entry into his cell to handcuff him for extraction (the method used by the defendants in this case) as opposed to handcuffing him through the "food slot"(a method also used) is evidence of defendants' intent to harm or intimate plaintiff.

Defendants argue that after plaintiff filed the emergency grievance complaining of his cellmate, they had a penological interest in extracting plaintiff from the cell in this manner so as not to expose plaintiff to unnecessary harm by his cellmate while handcuffing plaintiff through the "food slot". That is, plaintiff would be unable to defend himself against his cellmate, should his cellmate attack him while officers are placing the handcuffs on plaintiff through the "food slot".

While defendants may have a sufficient penological interest to employ the method used to remove plaintiff from his cell, this is an issue properly resolved by the jury. The manner in which defendants removed plaintiff from his cell is part of the relevant conduct underlying plaintiff's retaliation claim–the court declines to exclude evidence that has bearing as to whether defendants' conduct amounts to retaliation. The court DENIES this motion.

**III.**     **Other pretrial motions**

    **A.**     **Examine out-of-state witness (doc. # 198)**

Defendants seek leave of the court to examine out-of-state witness Ollie Powe, a former-correctional lieutenant at HDSP, at trial by contemporaneous video transmission from Mississippi pursuant to Fed. R. Civ. P. 43(a). (Doc. # 198). Defendants argue that Powe, who was acting as a shift commander at the time of the incident underlying plaintiff's First Amendment claim, is an important fact witness. Defendants further point out that Powe cannot be compelled by subpoena to

1  testify at trial in person as has since retired from his position from NDOC and has moved to
2  Mississippi. *See* FED. R. CIV. P. 45(c)(3)(A)(ii).

3  Defendants represent that given Powe's work schedule, he could testify in-person only on
4  Friday. However, given that this trial is projected to take five days, the matter will likely be
5  submitted to the jury by Friday of the five-day trial week. Defendants represent that if permitted to
6  testify by video, Powe could testify in the morning of Monday, Tuesday or Wednesday, or anytime
7  on Thursday. Plaintiff joins defendants' motion. (Doc. # 213).

8  Fed. R. Civ. P. 43 provides, in part:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

FED. R. CIV. P. 43(a). Commentary to Fed. R. Civ. P. 43 states that "the most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different location." The commentary goes on to note that "[g]ood cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission."

Defendants argue that it was not expected in 2005, when this case was filed, that the trial would occur eight years later. Powe, who was once a defendant in this matter, has since been dismissed from this action through the litigation cycle of partial dismissal, complete dismissal, appeal, and remand. Defendants argue that good cause in compelling circumstances are present under Fed. R. Civ. P. 43(a) to permit contemporaneous testimony.

The court finds that given Powe's unavailability to travel to testify in this matter, Powe's location more than 100 miles from this court, the purported "vital testimony" he is anticipated to provide at trial, and plaintiff's joinder to this motion–the court finds good cause in compelling circumstances that warrant Powe to testify via video-conference. Further, the court finds that the jury can adequately fulfill their sworn duties by examining Powe as he testifies by observing his

1  demeanor and evaluating his credibility. Therefore, the court GRANTS this motion.

2       **B.**     **Produce inmate (doc. # 199)**

3  Defendants request the court to issue an order to produce NDOC inmate Phillip Lyons, NDOC ID No. 33833, to the court for each day of trial pursuant to NRS § 209.274(1). (Doc. # 198). Further, defendants request an order requiring NDOC to produce testifying inmates to a live-video-transmission location within their respective prisons to enable those inmates to provide testimony at trial, by remote, contemporaneous transmission pursuant to NRS § 209.274(2)(a) and Fed. R. Civ. P. 43(a) if permitted to testify at trial. Plaintiff joins defendants' motion. (Doc. # 214).

Defendants' request is subject to the court's resolution of their objections to permitting the inmates to testify. (*See* doc. # 182). Defendants have filed a supplement to their objections and advised the court that following inmates will not testify at trial: Percy Bacon, Tarz Mitchell, and Donald Mitchell (*see* doc. # 212). However, there remains an NDOC inmate that plaintiff wishes to testify: Curtis Downing (NDOC ID. No. 18675). Defendants object to this inmate because plaintiff purportedly wants to call Downing to testify about HDSP's inmate-intake procedure. (Doc. # 212, 3:6-7). Defendants argue that Downing is not a percipient witness to the events at issue and that his knowledge of prior or subsequent inmate-intake procedures is not relevant and not permissible testimony under the Federal Rules of Evidence. *See* FED. R. EVID. 401, 403, 404(b), and 407.

The court agrees with defendants. The court SUSTAINS defendants' objection to inmate Downing testifying as to the prison's inmate-intake procedure in general because it is not relevant to resolving plaintiff's retaliation claim.[5]

Therefore, there being no opposition to the request that plaintiff be produced to court each day of trial, the court GRANTS this request. Further, the request that inmate Downing provide testimony by remote, contemporaneous transmission, the court conditionally DENIES the request based on the court sustaining defendants' objection to this inmate's testimony.

. . .

. . .

---

[5] If plaintiff seeks to call inmate Downing for another purpose, he may raise this issue at trial.

**C. Plaintiff's motion for leave to examine in-custody witness (doc. # 241)**

Plaintiff seeks leave of the court to examine in-custody witness inmate Marcel McKnight at trial by contemporaneous video transmission. (Doc. # 241). Plaintiff states that inmate McKnight was the other inmate housed in the HDSP intake unit, in holding cell A-1-9, when defendants removed plaintiff from the holding cell. Plaintiff represents that McKnight is currently housed at a facility in the Northern Nevada Correctional Center. Defendants have not responded. (*See docket generally*).

There being no opposition to the request that inmate McKnight provide testimony by remote, contemporaneous video transmission,[6] the court finds good cause in compelling circumstances and conditionally GRANTS the request pending resolution of defendants' objection[7] and consideration of the factors outlined in *Wiggins v. Alameda Cnty.*, 717 F.2d 466, 468 n.1 (9th Cir. 1983).[8]

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that prisoner plaintiff Phillip J. Lyons' motion in limine # 1 requesting an order permitting plaintiff to appear at trial in civilian clothes and unshackled (doc. # 183) be and the same hereby is, GRANTED in part and DENIED in part, consistent with section II.B.1, *supra*.

IT IS FURTHER ORDERED that plaintiff shall be required to wear ankle restraints to the floor. These ankle restraints shall be out of the jury's view using a skirted table cloth at counsel table to obstruct the jury's view of the shackles. Further, plaintiff shall testify from counsel table in order

---

[6] *See* FED. R. CIV. P. 43(a) (stating "[g]ood cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission.").

[7] Defendants also object to Marcel McKnight's testimony because it is redundant. (*See* doc. # 182). The court has not yet resolved this objection.

[8] These factors include "(1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted". *Brush v. Woodford*, 1:07-CV-01009-DLB PC, 2011 WL 3489851, at *2 (E.D. Cal. Aug. 9, 2011) (citing *Wiggins v. Alameda Cnty.*, 717 F.2d 466, 468 n.1 (9th Cir. 1983)).

1  for him to have his exhibits, notes, and other documents within easy reach during his testimony.

2      IT IS FURTHER ORDERED that defendants Paul Lunkwitz, Santerren Ward, and Jay
3  Barth's motion in limine # 1 to exclude defendants' use of force on plaintiff and any alleged injuries
4  to plaintiff arising therefrom (doc. # 184) be, and the same hereby is, GRANTED in part, consistent
5  with section II.B.2, *supra*.

6      IT IS FURTHER ORDERED that defendants' motion in limine # 2 to exclude allegations
7  of negligence or failure to adhere to prison regulations (doc. # 185) be, and the same hereby is,
8  DENIED, *see* section II.B.3, *supra*.

9      IT IS FURTHER ORDERED that defendants' motion in limine # 3 to exclude the existence
10  of any physical injuries sustained by plaintiff and the recovery of money damages for the same (doc.
11  # 186) be, and the same hereby is, GRANTED, consistent with section II.B.4, *supra*.

12      IT IS FURTHER ORDERED that defendants' motion in limine # 4 to exclude evidence of
13  alleged "conspiracy" by defendants to violate the rights of plaintiff (doc. # 187) be, and the same
14  hereby is, DENIED, *see* section II.B.5, *supra*.

15      IT IS FURTHER ORDERED that defendants' motion in limine # 5 to exclude evidence of
16  defendant Ward and Barth's culpable conduct or liability for any cause of action in this case (doc.
17  # 188) be, and the same hereby is, DENIED, *see* section II.B.6, *supra*.

18      IT IS FURTHER ORDERED that defendants' motion in limine # 6 to exclude attempts to
19  impermissibly shift the burden of proof in this matter by suggesting defendant failed to present
20  evidence or witnesses (doc. # 189) be, and the same hereby is, GRANTED, consistent with section
21  II.B.7, *supra*.

22      IT IS FURTHERED ORDERED that defendants' motion in limine # 7 to exclude evidence
23  of non-parties as parties in this suit and non-issues as issues to be tried (doc. # 190) be, and the same
24  hereby is, GRANTED, consistent with section II.B.8, *supra*.

25      IT IS FURTHER ORDERED that defendants' motion in limine # 8 to exclude evidence of
26  prior bad acts or character of defendants to prove conformity therewith (doc. # 191) be, and the same
27  hereby is, GRANTED, consistent with section II.B.9, *supra*.

28

**James C. Mahan**
**U.S. District Judge**

- 18 -

1    IT IS FURTHER ORDERED that defendants' motion in limine # 9 to exclude other lawsuits
2    and claims filed against defendants or NDOC officials for purposes of suggesting or establishing
3    prior bad acts (doc. # 192) be, and the same hereby is, GRANTED, consistent with section II.B.10,
4    *supra*.

5    IT IS FURTHER ORDERED that defendants' motion in limine # 10 to exclude evidence of
6    the operability of the "food slot" in the door of plaintiff's prison cell and defendants' method of
7    extracting him from the cell (doc. # 193) be, and the same hereby is, DENIED, *see* section II.B.11,
8    *supra*.

9    IT IS FURTHER ORDERED that defendants' motion for leave to examine out-of-state
10   witness Ollie Powe at trial by contemporaneous video transmission (doc. # 198) be, and the same
11   hereby is, GRANTED, consistent with section III.A, *supra*.

12   IT IS THEREFORE ORDERED that defendants arrange for Powe to testify by
13   contemporaneous video transmission.

14   IT IS FURTHER ORDERED that defendants' motion for order to produce inmate witnesses
15   at trial and at remote, video transmission sites (doc. # 199) be, and the same hereby is, GRANTED
16   in part and DENIED in part, consistent with section III.B, *supra*.

17   IT IS THEREFORE ORDERED that defendants arrange for NDOC to produce inmate Phillip
18   Lyons (NDOC ID No. 33833) to courtroom 6A in the federal courthouse for each day of trial starting
19   Monday, July 22, 2013, by 9:00 a.m.

20   IT IS FURTHER ORDERED that plaintiff's motion for leave to examine in-custody witness
21   Marcel McKnight at trial by contemporaneous video transmission (doc. # 241) be, and the same
22   hereby is, GRANTED, consistent with section III.C, *supra*.[9]

23   . . .
24   . . .
25   . . .

---

[9] Plaintiff's previous motion on this issue (doc. # 215) is DENIED as moot. Also plaintiff's request that the court take judicial notice of Powe's declarations (doc. # 238) is DENIED as moot. This issue can resolved at trial.

**James C. Mahan**
**U.S. District Judge**

- 19 -

IT IS FURTHER ORDERED that plaintiff arrange for NDOC to produce testifying inmate Marcel McKnight to a live-video-transmission location within his respective prison to enable this inmate to provide testimony at trial, by remote, contemporaneous transmission if permitted to testify at trial.

DATED July 19, 2013.

_____
UNITED STATES DISTRICT JUDGE